IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLEN BENNETT, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 3:09-cv-175-DRH-DGW ) |
| DAVE REDNOUR, | ) ) |
| Respondent. | ) ) ) |

## REPORT AND RECOMMENDATIONS

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Chief United States District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on Motion to Dismiss as Moot filed by Respondents (Doc. 24). For the reasons set forth below, it is **RECOMMENDED** that the motion to dismiss be **GRANTED**, that the petition be **DISMISSED as moot**, and that the Court adopt the following findings of fact and conclusions of law.[1]

### FINDINGS OF FACT

Petitioner Allen Bennett filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, on March 5, 2009 (Doc. 1). Bennett, a former inmate in the Illinois Department of Corrections ("IDOC"), resided at the Menard Correctional Center at the time he filed his petition. He was serving a fifteen-year sentence for possession of a stolen motor vehicle (Doc. 24, p. 1).

Bennett filed an amended petition on May 5, 2009 (Doc. 15). Bennett sought this Court's review of four prison disciplinary proceedings in which Bennett was disciplined with revocation of

---

[1] This Court further **RECOMMENDS** that Dave Rednour, the current Warden of Menard Correctional Center, be **SUBSTITUTED** for Donald Hulick, and that Roger E. Walker be **DISMISSED** as an improper respondent. *See Bridges v. Chambers*, 425 F.3d 1048, 1050 (7th Cir. 2005).

good conduct credit. Bennett argued that he was denied due process in each of the disciplinary proceedings. He asked the Court to expunge his disciplinary record and immediately release him.

Respondents Hulick and Walker filed an answer to the amended petition on July 1, 2009, arguing that 1) Petitioner's claims were procedurally defaulted, 2) the petition should be dismissed because Petitioner failed to exhaust his state remedies prior to filing the petition, and 3) Petitioner's substantive claims lacked merit (Doc. 16).

## *Motion to Dismiss*

On December 1, 2011, Respondents filed a Motion to Dismiss the Petition as Moot (Doc. 24). Respondents argued that the petition was moot because Bennett was completely discharged from IDOC custody on December 11, 2009 (Doc. 24-1). Therefore, his request for immediate release presented no live "case or controversy" for the Court to adjudicate. As such, Bennett lacked standing and the petition was moot. Bennett did not file a response to the motion to dismiss.

### CONCLUSIONS OF LAW

## *Legal Standards*

An inmate may challenge the revocation of good conduct credit in a petition for writ of habeas corpus. *See Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir. 1983). Even if the inmate is not requesting immediate release, a challenge to the revocation of good conduct credit implicates the duration of his confinement because he seeks release at an earlier date. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (challenges to "fact or duration" of inmate's confinement in prison on constitutional grounds are properly raised in petition for writ of habeas corpus).

Under 28 U.S.C. § 2241(c), a writ of habeas corpus "shall not extend to a prisoner" unless

he is "in custody." The "in custody" requirement is satisfied at the time of the filing of the petition. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (*citing Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) and *Maleng v. Cook*, 490 U.S. 488, 490-491 (1989)). Therefore, an inmate who is released while his petition for writ of habeas corpus is pending, meets the "in custody" requirement; his release does not necessarily render his petition moot.

To remain valid, however, a petition must still present a "case or controversy" under Article III, § 2 of the Constitution. That is, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7 (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). The Seventh Circuit directs a federal court to "dismiss a case as moot when it cannot give the petitioner any effective relief." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). After a habeas petitioner has been released from custody some "concrete and continuing injury" or "collateral consequences" must exist as a result of the detention being challenged for the suit to present a continued case or controversy. *Spencer*, 523 U.S. at 7 (citing *Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968)).

In *Spencer*, the Supreme Court considered whether an inmate's release after a parole revocation rendered moot his habeas petition challenging the procedures that led to the revocation of parole. The Court reasoned that parole revocation did not lead to the type of "statutory consequences" that resulted from a conviction, such as the inability to vote, to hold office, or to serve as a juror. The Court found the possibility that a revoked parolee might be taken into custody later and his prior revocation considered as a factor to deny future parole too speculative to constitute "collateral consequences" sufficient to keep a case alive after the revoked parolee had

3

been released. 523 U.S. at 12-15.

In *Diaz v. Duckworth*, 143 F.3d 345 (7th Cir. 1998), the Seventh Circuit found that an inmate's release and subsequent deportation rendered moot his petition for writ of habeas corpus challenging the revocation of good conduct credit. The Seventh Circuit questioned whether after *Spencer* the consequences of a criminal or disciplinary proceeding other than conviction could ever be "collateral consequences" sufficient to keep alive a habeas petition after the inmate's release from custody. The Court reasoned that in *Spencer* the Supreme Court limited the scope of collateral consequences necessary to keep alive a petition for writ of habeas corpus, to "statutory disabilities such as loss of the right to vote or the right to own a gun." *Diaz*, 143 F.3d at 346. *Spencer* appeared to categorically exclude potential disciplinary enhancements contingent upon the commission of a crime or disciplinary violation in the future, or, as the Seventh Circuit put it, "consequences that are within the power of the defendant to avoid." *Id.* Applying this reasoning to mootness, the Seventh Circuit stated, "[a] basic principle of standing is that a person is not entitled to litigate in a federal court unless he can show a reasonable probability of obtaining a tangible benefit from winning." *Id.* at 347. The Court continued, "[c]ertainty is not required but a remote possibility won't do." *Id.*

Since *Spencer* and *Diaz*, the Seventh Circuit has recognized that the Supreme Court has not extended the presumption of collateral consequences from a wrongful criminal conviction to prison disciplinary sanctions, *see Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004). In an instructive unpublished opinion, the Seventh Circuit held that a habeas challenge to a prison's calculation of an inmate's release date became moot upon the inmate's release. *See Parker v. Winn*, 210 F.3d 375, 2000 WL 374277 (7th Cir. 2000) (unpublished). Citing to *Diaz* and *Spencer*,

4

the court reasoned that "Parker has completed his sentence, thus mooting his claims about good time and parole credits. The amount of time he spent in prison cannot now be undone." *Parker*, 2000 WL 374277 at *1. "Moreover, Parker does not allege any collateral consequences from not receiving the good time and parole credits, nor do we think that he could." *Id.*

*Analysis*

Petitioner Bennett has been released from IDOC custody. Even if the Court found merit to his claims, the Court is no longer able to provide Petitioner with any effective relief. The Court cannot order the IDOC to give him back any days on his sentence. Neither the Court nor the IDOC can turn back the clock. Bennett's petition, which asks the Court to release him (a remedy the Court can no longer provide) does not present a live case or controversy. Under the case law described above, unless Bennett can show a concrete or continuing injury or other "collateral consequences," his petition is moot.

The Court's research into Illinois law has revealed no statutory consequences that result from the revocation of good conduct credit. Thus, the mootness of the petition does not hinge on "presumptive" collateral consequences of the type addressed in *Spencer* and *Diaz*. Furthermore, the Court has not found *any* consequences of the revocation of good conduct credit that follow an inmate after release. Other potential consequences are too speculative to save Bennett's petition. The Illinois Administrative Code gives the Prisoner Review Board the authority to adjudicate disciplinary proceedings in which more than 30 days of good conduct credit may be revoked. Ill. Admin. Code tit. 20, § 1610.170. The code section authorizes the Prisoner Review Board to consider as a criterion for revocation the inmate's "past record involving discipline." *Id.* For this code section to apply to Bennett, he would have to commit a future crime, receive a sentence of

5

imprisonment in the IDOC, and violate a disciplinary rule while incarcerated. These consequences are "within the power of the defendant to avoid." *Diaz*, 143 F.3d at 346. As discussed above, consequences contingent on the commission of a future crime are not the type of "collateral consequences" that would prevent Bennett's habeas petition from being moot.

Therefore, based upon the Court's inability to provide any relief, and Bennett's failure to demonstrate the existence of any continuing collateral consequences, the Court recommends dismissal of the petition as moot.[2]

### CONCLUSION

Therefore, based on all the foregoing, it is **RECOMMENDED** that the Respondent's Motion to Dismiss be GRANTED, that petition be **DENIED as moot**, that the case be **DISMISSED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have fourteen (14) days after the service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge these Recommendations before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: January 24, 2012**

*Donald Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**

---

[2] The Court notes that under SDIL-LR 7.1(c) "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission on the merits of the motion."